RENDERED:  APRIL 24, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0898-MR

LOWELL MCINTOSH          APPELLANT

v.        APPEAL FROM LOGAN CIRCUIT COURT
HONORABLE JOE W. HENDRICKS, JR., JUDGE
ACTION NO. 20-CI-00185

THE ESTATE OF FRANK
MCINTOSH, BY AND THROUGH ITS
EXECUTOR, GARY MCINTOSH
AND GARY MCINTOSH          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND TAYLOR, JUDGES.

ACREE, JUDGE:  Lowell McIntosh appeals the Logan Circuit Court's grant of

summary judgment to Appellees—dismissing Lowell's challenge to his father's

will—by order of record entered in July 2024.  We affirm.

Frank McIntosh, Lowell's father, died testate in January 2020.

Appellee Gary McIntosh, Lowell's brother, is the executor of Frank's estate.

Frank executed his last will and testament in December 2015. The final provision of Frank's will specifically addressed Lowell's omission from the will, with Frank stating: "For reasons that are personal and best known to me, I have made no provisions in my Will for my Child, Lowell McIntosh." (Record (R.) 17).

In his August 2020 complaint, Lowell alleged Gary exerted undue influence over Frank, resulting in Lowell's disinheritance, alleging: "The decedent was induced by the constant attentions and pleadings of [Gary] to disinherit his son, [Lowell]." (R. 4). Lowell also alleged Frank lacked requisite capacity in executing his will, asserting Frank had suffered a prior stroke. (R. 5). Lowell asked the circuit court to declare the will "null and void." (R. 6).

In his answer, Gary countered that Lowell's lengthy history of criminal behavior resulted in his disinheritance, and that the "straw that broke the camel's back" was Lowell's probation revocation in November 2015, approximately a month prior to Frank's execution of his will. (R. 46-47). Gary also asserted Frank "communicated and advised others, both prior to December 14, 2015, and thereafter, outside the presence of [Gary], that 'he'd had enough from his son, Lowell.'" (R. 47).

Appellees filed motions for summary judgment on Lowell's claims of undue influence and lack of capacity, and the circuit court issued a final judgment granting the motions in November 2021. Lowell, however, was never served with

notice of entry of final judgment.  With the window to appeal having closed, in

May 2022, Lowell filed a motion for relief from judgment pursuant to CR[1] 60.02,

which the circuit court denied.  Lowell appealed, and we vacated and remanded,

clarifying that the circuit court could, within its discretion, grant relief pursuant to

CR 60.02, given it was "undisputed that the clerk failed to send notice of entry[.]"

*McIntosh v. Estate of McIntosh by and Through McIntosh*, No. 2022-CA-1176-

MR, 2024 WL 1336216, at *2 (Ky. App. Mar. 29, 2024).

On remand, the circuit court granted Lowell's motion, and pursuant to

CR 60.02, set aside and re-issued the final judgment by order of record entered in

July 2024, effectively giving Lowell a new window to file the instant appeal.

## STANDARD OF REVIEW

We review grants of summary judgment *de novo*.  *Brown v. Griffin*,

505 S.W.3d 777, 781 (Ky. App. 2016).  Summary judgment is appropriate when

"there is no genuine issue as to any material fact" and "the moving party is entitled

to a judgment as a matter of law."  CR 56.03.  In determining whether summary

judgment is appropriate:

> The record must be viewed in a light most favorable to the
> party opposing the motion for summary judgment and all
> doubts are to be resolved in his favor.  Even though a trial
> court may believe the party opposing the motion may not
> succeed at trial, it should not render a summary judgment
> if there is any issue of material fact.

---

[1] Kentucky Rules of Civil Procedure.

-3-

*Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). However, a party cannot defeat a motion for summary judgment "without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id.* at 482.

On appeal, Lowell argues there was sufficient evidence in the record to submit his claim of undue influence to a jury. Lowell makes no argument on appeal regarding the circuit court's grant of summary judgment with respect to his claim Frank lacked requisite capacity, and does not otherwise challenge the circuit court's conclusion: "The totality of the medical and lay opinions confirm Frank McIntosh was not suffering from a debilitating stroke and had the necessary competency to sign his Will." (R. 625).

To succeed on appeal, Lowell must necessarily direct us to affirmative evidence of undue influence that creates a genuine issue of material fact, such that summary judgment was improper. However, just as he did below, Lowell continues to make factual assertions that appear to be purely speculative, as evinced by Lowell's failure—as Appellees point out—to support his factual assertions by citing to the record, as required by our rules. RAP[2] 32(A)(4)

---

[2] Kentucky Rules of Appellate Procedure.

(requiring an appellant's argument to furnish "ample references to the specific location in the record").

For example, Lowell asserts:

> There is no question whatsoever that the will that is contested was drawn and executed after [Frank] suffered a catastrophic stroke. Gary became exclusively responsible for his father's care thereafter. He scheduled his father's appointments—to include his legal appointments with his attorney—and he provided transportation for these attorney visits. Despite Gary's assertions to the contrary, Frank was very fond of his son, Lowell, until Gary drove a wedge between them.

(Appellant's Br. 5-6). We may presume the truth of the first three sentences—the timing of the will vis-à-vis Frank's stroke and Gary's caregiving thereafter—but those alone fail to create a genuine issue regarding Lowell's assertion as fact that "Gary drove a wedge between" Frank and Lowell. Nor does Lowell direct us to any other proof in this record that would do so.

The same can be said of Lowell's claim that Frank was "mentally impaired at the time of the making of the will that is in issue." (Appellant's Br. 7). What Lowell does cite is his own responses to interrogatories speculating that such proof could be found. Asked to produce evidence of his undue influence claim, Lowell responded that he "would be requesting records from all of the health care facilities that treated the decedent subsequent to his stroke and will provide records upon his receipt." (R. 240). But Lowell directs us to no such records on appeal.

He identifies no witnesses who will support his assertions.  Lowell does not even support his claim with his own personal knowledge.

Even if Lowell could point to some affirmative evidence to support his various factual assertions, he fails to allege Gary's influence *inappropriately* affected his thinking about the objects of his bounty:

> In discerning whether influence on a given testator is "undue", courts must examine both the nature and the extent of the influence.  First, the influence must be of a type which is inappropriate. Influence from acts of kindness, appeals to feeling, or arguments addressed to the understanding of the testator are permissible.  Influence from threats, coercion and the like are improper and not permitted by the law.

*Bye v. Mattingly*, 975 S.W.2d 451, 457 (Ky. 1998) (citations omitted).  Lowell alleges Frank "was induced by the constant attention and pleadings of [Gary] to disinherit his son, [Lowell]."  (R. 4).  Lowell never alleged in his complaint nor responded to the summary judgment motion that Gary engaged in inappropriate tactics like "threats" or "coercion."  (R. 604).  Presuming Gary did influence Frank, the record makes it just as likely Frank prepared his will after considering Gary's acts of kindness, appeals to Frank's feeling, or arguments addressed to Frank's understanding about Lowell's behavior.  We affirmed a grant of summary judgment where the party claiming undue influence "failed to identify occasions or actions indicating" the decedent was "in any way intimidated, coerced, or threatened."  *Boone v. Hoskins*, 613 S.W.3d 45, 56 (Ky. App. 2020).

We agree with the circuit court that Lowell's claim is based on speculation he was hoping a fishing expedition in discovery would support. His challenge to the will lacks the evidence necessary to create a genuine issue of any material fact. Such speculation-based claims to inheritances fail because "Kentucky is committed to the doctrine of testatorial absolutism. . . . The practical effect of this doctrine is that the privilege of the citizens of the Commonwealth to draft wills to dispose of their property is *zealously* guarded by the courts and *will not be disturbed based on remote or speculative evidence.*" *Bye*, 975 S.W.2d at 455 (internal quotation marks and citations omitted) (emphasis added). Judgment for Appellees was appropriate as a matter of law.

Based on the foregoing, the Logan Circuit Court's July 2024 Order is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Daniel N. Thomas
Mary E. Jocelyn
Hopkinsville, Kentucky